OPINION
{¶ 1} Appellant Anthony Hall appeals his adjudication and sentence in the Delaware County Court of Common Pleas, Juvenile Division on one count of rape. Appellee is the State of Ohio.
 STATEMENT OF FACTS AND CASE {¶ 2} On September 19, 2003, appellant attended the Delaware County Fair. While at the fair, appellant approached Chrissi Snavely, who also was attending the fair with a friend. Appellant asked Snavely if she wanted to walk to his sister's car to get a drink, because he did not have any money with him. Snavely agreed.
 {¶ 3} At trial in this matter, Snavely testified appellant told her to stop behind a camper. Appellant put his hands on the sides of her body and forced her up against the back of the camper. Appellant unbuckled her belt and pulled down her pants and underwear while holding her up against the back of the camper with his knees. Snavely testified she tried to stop appellant by holding onto her belt and underwear. She also tried to pull her pants and underwear back up, but appellant pulled them down again. She testified appellant removed his shorts and underwear and ordered her to the ground. He then used his hands to force her to the ground.
 {¶ 4} Snavely then testified, while she was laying on the ground, appellant put his body on top of hers and put his penis in her vagina. He had intercourse with her for approximately five minutes with his knees in between her legs and his hands on the ground above her shoulders. Snavely testified she repeatedly told appellant she did not want to have intercourse with him.
 {¶ 5} Snavely told the court appellant ordered her to roll over, and then used his hands to force her. He then put his penis in her anus, which she testified was very painful. She maintained she repeatedly told appellant to stop, but he continued for two to three minutes. He then ordered her to stand up, and forced her up against the back of the camper, where he attempted to put his penis in her vagina.
 {¶ 6} Finally, Snavely stated, she told appellant she was not feeling well and he let her go. Before walking back, he told her not to tell anyone.
 {¶ 7} Snavely reported the rape to Delaware County Sheriff Deputies, and eventually went to Grady Memorial Hospital for an exam. She suffered multiple lacerations, or tearing of the skin, from blunt force trauma inside her anus. Sexual Assault Nurse Examiner Ruth Downing characterized her injuries as moderate, with tearing of the tissue and draining and oozing as they began to heal. She testified the injuries were consistent with anal penetration by a penis and inconsistent with consensual intercourse.
 {¶ 8} On October 1, 2003, appellant was charged with two counts of rape, in violation of R.C. 2907.02(A)(2), one count of gross sexual imposition, in violation of R.C. 2907.05(A)(1), and one count of kidnapping in violation of R.C. 2905.01(A)(4), in the Delaware County Court of Common Pleas, Juvenile Division. A trial was held on December 15, 2003. The trial court dismissed the kidnapping charge upon appellant's motion. Appellant was adjudicated delinquent on one count of rape, and the remaining rape count and the gross sexual imposition count were dismissed.
 {¶ 9} On January 5, 2004, the trial court held a disposition hearing, and committed appellant to the legal custody of the department of Youth Services for an indefinite term consisting of a minimum period of one year and a maximum term not to exceed appellant's attainment of the age of twenty-one years. The trial court also found appellant to be a sexual predator pursuant to R.C. 2950.09(B).
 {¶ 10} Appellant now appeals his adjudication and disposition, raising the following assignment of error:
 {¶ 11} "I. The trial court violated anthony hall's right to due process when it adjudicated him delinquent of rape when that finding was against the manifest weight of the evidence.
 I {¶ 12} Appellant argues the trial court's finding him delinquent of rape is against the manifest weight of the evidence. We disagree.
 {¶ 13} Appellant asserts the testimony offered at trial is both inconsistent and incredible. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed.
 {¶ 14} The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52, citing State v. Martin
(1983), 20 Ohio App.3d 172. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 15} Appellant's argument implores this Court to substitute our judgment as to the credibility of the witnesses and testimony for the judgment of the trial court, which we will not do. In the case sub judice, the trier of fact was free to accept or reject any or all of the witnesses' testimony and assess the witnesses' credibility. Based upon the facts noted supra, we find there was sufficient, competent evidence to support appellant's adjudication, and the same was not against the manifest weight of the evidence. Upon review of the testimony provided by both Snavely and Nurse Downing, there is sufficient, competent evidence to support appellant's adjudication.
 {¶ 16} Appellant's sole assignment of error is overruled.
 {¶ 17} The adjudication and disposition of the Delaware County Court of Common Pleas is affirmed.
Hoffman, J., Gwin, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.